# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE EIGHTH CIRCUIT

───────────────

No: 25-6003

───────────────

In re: Todd Christenson

Debtor

------------------------------

Todd Christenson

Plaintiff - Appellee

v.

Steven J. Breitenfeldt

Defendant - Appellant

U.S. Bankruptcy Court for the District of Minnesota - Minneapolis
(24-04033)

## JUDGMENT

Before NORTON, SURRATT-STATES, and JONES, Bankruptcy Judges.

Appellant, Steven J. Breitenfeldt appeals the Decision Re: Plaintiff Todd Christenson's Motion for Partial Summary Judgment and Defendant Steven J. Breitenfeldt's Cross Motion for Partial Summary Judgment entered by the Bankruptcy Court for the District of Minnesota (hereinafter "Bankruptcy Court") and separate Judgment that the debt owed by Debtor/Plaintiff Todd Christenson to Defendant Steven Breitenfeldt is Discharged and that Defendant Steven Breitenfeldt had violated the discharge injunction both dated January 27, 2025. Said appeal was timely filed on February 5, 2026.

PROCEDURAL BACKGROUND

This matter involves a Chapter 7 bankruptcy case filed by Appellee Todd Christenson (hereinafter "Appellee") on November 1, 2010, in the Bankruptcy Court. Appellant Steven Breitenfeldt (hereinafter "Appellant") asserted an unsecured claim that arose prepetition based on a business debt that Appellee personally guaranteed. A Discharge Order was entered in Appellee's bankruptcy case on February 3, 2011. On January 24, 2011, Appellant filed an adversary proceeding alleging that the debt was fraudulently obtained and should be found to be nondischargeable (hereinafter "Adversary Proceeding"). The parties settled the Adversary Proceeding and entered into a settlement agreement in which Appellee agreed to pay Appellant $60,000.00, over six years and in exchange, Appellant agreed to forbear pursuing claims in the Adversary Proceeding (hereinafter "Settlement Agreement"). The Settlement Agreement also called for the parties to ask the Bankruptcy Court to enter an order approving the Settlement Agreement. However, neither party ever sought approval of the Bankruptcy Court. Also, as part of the Settlement Agreement, Appellee executed a confession of judgment in the principal amount of $100,000.00 plus interest (hereinafter "Confession of Judgment") that Appellant was authorized to enter if Appellee failed to cure any default under the Settlement Agreement. On September 14, 2011, the Bankruptcy Court entered an order indicating that the Bankruptcy Court was advised that the matter has or will be settled, that the Adversary Proceeding had been abandoned by the parties, and dismissing the Adversary Proceeding without prejudice. The Bankruptcy Court never made a determination of dischargeability.

On January 29, 2013, Appellant filed the Confession of Judgment in the Anoka County District Court which entered judgment the same day. On January 23, 2023, Appellant filed an action to renew the 2013 judgment in the Anoka County District Court. On March 30, 2023, the Anoka County District Court entered judgment for Appellant in the principal amount of $100,000.00 less credits of $10,072.11 plus statutory interest of $99,780.82. On June 12, 2023, Appellant transcribed the judgment in the Crow Wing County District Court to place a judgment

lien on Appellee's real property located in Crown Wing County, Minnesota. On January 19, 2024, the Crown Wing County Sheriff issued a notice of Sheriff's Execution Sale scheduling the Sheriff's Sale for April 3, 2024.

On March 1, 2024, counsel for Appellee sent a letter to counsel for Appellant indicating that Appellant's collection efforts were a violation of the discharge injunction, demanding cancellation of the Sheriff's Sale and no further collection efforts. On March 15, 2024, Appellee filed an adversary proceeding in Bankruptcy Court asserting claims for quiet title, for enforcement of the discharge injunction, and to find Appellant in contempt for violating the discharge injunction. Appellant filed counterclaims for slander of title and for attorney's fees. On March 19, 2024, Appellee filed a motion for preliminary injunction to stop the Sheriff's Sale. The Bankruptcy Court denied the motion for preliminary injunction. On April 3, 2024, the Sheriff's Sale took place and Appellant purchased the property. Appellee filed a motion for partial summary judgment seeking judgment in his favor on his claims and on Appellant's counterclaims and requested that determination of damages be reserved. Appellant filed a cross motion for partial summary judgment.

On January 27, 2025, the Bankruptcy Court entered Decision Re: Plaintiff Todd Christenson's Motion for Partial Summary Judgment and Defendant Steven J. Breitenfeldt's Cross Motion for Partial Summary Judgment granting Appellee's motion for partial summary judgment and denying Appellant's motion for partial summary judgment. The Bankruptcy Court also entered a separate Judgment that the debt owed by Appellee to Appellant is discharged and that Appellant had violated the discharge injunction.

On April 8, 2025, Appellant filed Brief of Appellant Steve Breitenfeldt arguing that the Bankruptcy Court erred in granting Appellee partial summary judgment and denying Appellant partial summary judgment and determining that the debt owed to Appellant was discharged because the parties entered into an enforceable post-petition settlement agreement. On May 8, 2025, Appellee filed Brief of Appellee Todd Christenson arguing that (1) section 523(c) requires

that the Bankruptcy Court determine that a debt be excepted from discharge through its interpretation of the Bankruptcy Code and (2) an agreement to pay a dischargeable debt is not enforceable without a sufficient determination by the Bankruptcy Court. Appellee further points out that both parties formally agreed that there had been no determination by the Bankruptcy Court that the debt was nondischargeable.

On May 27, 2025, Appellant filed Reply Brief of Appellant Steven Breitenfeldt arguing that Appellant and Appellee entered into a valid and enforceable adversary proceeding settlement in which both parties determined that the debt owed by Appellee to Appellant was nondischargeable and that the decision of the Bankruptcy Court should be reversed and Appellant granted partial summary judgment that the settlement is valid and enforceable. Appellee filed Appellee's Motion to Strike Appellant's Reply Brief, arguing that the Court should strike Appellant's Reply Brief due to its presentation of arguments that Appellant had not previously made and concurrently decline to consider the new arguments put forth by Appellant.

On August 15, 2025, the Bankruptcy Appellate Panel (hereinafter "BAP") entered an order directing the parties to submit briefs to address the question of whether the Bankruptcy Court's decision is final. On September 15, 2025, Appellant filed Appellant Steven Breitenfeldt's Brief in Support of Appeal, in which Appellant requests that the BAP find that the Bankruptcy Court's decision should be final for the purposes of appeal and that the appeal be allowed to proceed arguing that, pursuant to 11 U.S.C. § 158(a)(1), the Bankruptcy Court decision should be final for the purposes of appeal. On October 15, 2025, Appellee filed Appellee's Brief Addressing the Court's Jurisdiction, arguing that the BAP does not have jurisdiction to hear the appeal of the Bankruptcy Court's partial summary judgment decision because it leaves open issues regarding sanctions and contempt.

## DISCUSSION

The BAP has jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (b)(1). An order is considered final "if (1) [it] leaves

the bankruptcy court nothing to do but execute the order, (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief, and (3) a later reversal on that issue would require recommencement of the entire proceeding." *In re Arch Coal, Inc.*, 592 B.R. 853, 855 (B.A.P. 8th Cir. 2018) (citing *In re Strong*, 293 B.R. 704, 767 (B.A.P. 8th Cir. 2003)). In order to sufficiently determine the finality of an order, we must look to Fed. R. Civ. P. 54(b) — made applicable to bankruptcy adversary proceedings through Fed. R. Bankr. P. 7054 — which permits a bankruptcy court to "direct entry of a final judgment as to . . . fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Appellant argues for the finality of the Bankruptcy Court decision, noting that (1) the substantive issue was decided, (2) the presiding judge ordered that judgment be entered, and (3) only limited issues remained. Appellant cites 11 U.S.C. § 158(a)(1) as providing justification for appeals from final judgments, orders, and decrees, along with Rule 54(b) of the Federal Rules of Civil Procedure. However, as Appellee notes, the partial summary judgment decision issued by the Bankruptcy Court did not dispose of all counts in the adversary proceeding. Furthermore, the Bankruptcy Court awarded partial summary judgment as to Appellee's partial motion for summary judgment while denying Appellant's cross-motion for partial summary judgment. The BAP has held that orders granting partial summary judgment are not final judgment orders or decrees, unless the trial court unequivocally believes that its decision constitutes the final disposition of a case. *In re Kreger*, 302 B.R. 375, 376 (B.A.P. 8th Cir. 2003); *see also In re Strong*, 293 B.R. 764, 767 (B.A.P. 8th Cir. 2003). Thus, without an express determination that there is no valid reason for delay, a bankruptcy court's order on less than all claims involved in a proceeding, results in an order that is not final and appealable. *In re Arch Coal*, 592 B.R. at 856. The Bankruptcy Court left open issues regarding sanctions and contempt. The Bankruptcy Court Decision states "[t]he Court will schedule and conduct a separate evidentiary hearing to resolve the issues regarding sanctions and contempt surrounding this violation of the discharge injunction." Decision p. 11.

Therefore, the Bankruptcy Court Decision is not final, contrary to the position of Appellant, and this Court does not have jurisdiction to hear this appeal. We lack jurisdiction to hear the appeal of the Bankruptcy Court decision granting Appellee's partial motion for summary judgment and denying Appellant's cross-motion for summary judgement, as it lacks finality.

For all of these reasons, this appeal is dismissed.

January 20, 2026

Order Entered at the Direction of the Court:
Clerk, U.S. Bankruptcy Appellate Panel, Eighth Circuit.
_____
/s/ Susan E. Bindler